Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
20L0779
St. Clair County
10/7/2020 11:24 AM
10695172

SAINT CLAIR COUNTY CIRCUIT COURT
STATE OF ILLINOIS

ROBERT VISHINO, )
 )
    Plaintiff, )  Case No.: **20L0779**
 )
v. )
 )
INTERNATIONAL ENTERTAINMENT )
CONSULTANTS, INC. )
 )
    Defendant. )
 )
SERVE: Michael Ocello, Registered Agent )
    Int'l. Entertainment Consultants, Inc. )
    1401 Mississippi Avenue, Bay 18 )
    Sauget, IL 62201 )

## COMPLAINT

COMES NOW Robert Vishino, by and through his Counsel Bruce Bramoweth, and for his Complaint pursuant to the Illinois Human rights Act (775 ILCS 5), Title VII of the Civil Right Act of 1964, as amended (42 U.S.C. § 2000e-5), for equal rights under law (42 U.S.C. § 1981), to correct unlawful employment practices on the basis of sex, for a tort claim of negligent supervision, and to provide appropriate relief to Plaintiff alleges with particularity below that Defendant International Entertainment Consultants, Inc. denied him employment and terminated his employment based on his sexual orientation and as a result of its negligent supervision.

## PARTIES

1. Robert Vishino ("Plaintiff") is a citizen of the State of Missouri and resides at 6822 Virginia Ave., St. Louis, MO 63111. Plaintiff was over the age of 18 at all times relevant.

2. International Entertainment Consultants, Inc. ("Defendant") is a corporation incorporated in the State of Colorado. Defendant's principal place of business located at 390 Union Boulevard, Suite 540, Lakewood, Colorado 80228. Defendant is a "person" within the

1

**EXHIBIT A**

meaning of 42 U.S.C. § 2000e(a), as well as an "employer" within the meaning of 42 U.S.C. § 2000e(b), 775 ILCS 5/2-101(B), 820 ILCS 260/5, and 29 U.S.C. § 203(d).

3. VCH Holding Corporation, located at 390 Union Boulevard, Suite 540, Lakewood, Colorado 80228, is the registered agent for the Defendant.

4. At all times relevant, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Sauget in Saint Clair County.

5. At all times relevant, Defendant has continuously had 15 or more employees.

6. Robert Vishino's designated sex at birth is male. Plaintiff's sexual orientation is homosexual in that he is attracted to other males. Plaintiff's perceived sexual orientation is homosexual.

7. Plaintiff lacks any propensity to engage in unwelcomed or unconsented to sexual contact with any individual.

8. On or about July 18 2018, the Defendant engaged in unlawful employment practices at its Sauget Illinois location by terminating the employment of Plaintiff without just cause and in violation of the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964 because the Defendant believed that Robert Vishino had a same-sex attraction and was perceived as having a same-sex attraction.

9. The effect of the practices of the Defendant complained of in Paragraph 8 has been to deprive Robert Vishino of equal employment opportunities and to otherwise adversely affect his status as an employee because he had a same-sex attraction or was perceived as having a same-sex attraction.

10. The unlawful employment practices complained of in Paragraph 8 above were intentional.

11. The unlawful employment practices complained of in Paragraph 8 above were done with malice or with reckless indifference to the rights of Robert Vishino that are protected by both United States federal law and Illinois state law.

12. Upon information and belief, the Defendant harbored discriminatory animus against the Plaintiff.

13. Defendant was capable of monitoring, supervising, and disciplining with a progressive discipline system the Plaintiff in order to prevent the Plaintiff from engaging in any harmful or offensive contacts with or communications toward any parties at its place of business.

14. Defendant failed to conduct a fair, impartial, and thorough investigation into allegations about Plaintiff prior to terminating the employment of Plaintiff. Defendant's failure to conduct a fair, impartial, and thorough investigation was, upon information and belief, a direct result of discriminatory animus against the Plaintiff based upon his sexual orientation and his perceived sexual orientation.

15. Plaintiff timely filed a complaint for unlawful employment discrimination with the Illinois Human Rights Commission (the "IHRC"). The IHRC on July 9, 2020 and within the past ninety (90) days issued a Notice of Substantial Evidence allowing Plaintiff to commence a civil action within ninety (90) days of receipt of that notice.

16. The Plaintiff would not have suffered the injuries complained of but for the intentional unlawful discrimination by the Defendant.

17. The Plaintiff has suffered pecuniary losses, past and future, and severe emotional distress as a result of the Defendant's willful and wanton conduct. The Plaintiff seeks damages in excess of $50,000.00, the specific amount of damages to be determined at trial.

## COUNT I

## WRONGFUL TERMINATION OF EMPLOYMENT

18. Plaintiff re-states each allegation contained within Paragraphs 1-17 as if fully set forth herein.

19. Defendant's conduct in terminating Plaintiff's employment based upon Plaintiff's sexual orientation and perceived sexual orientation was in violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and under the Illinois Human Rights Act.

## COUNT II

## NEGLIGENT SUPERVISION

20. Plaintiff re-states each allegation contained within Paragraph 1-19 as if fully set forth herein.

21. The Defendant, prior to the termination of the Plaintiff's employment with Defendant, hired Heidi Santanello ("Ms. Santanello") as an employee of the Defendant's.

22. The Defendant at all times relevant employed Ms. Santanello as a manager with employment termination authority regarding the Plaintiff, and assigned and delegated to Ms. Santanello the responsibility to conduct any investigation regarding conduct of the Plaintiff and to make a termination of employment decision regarding the Plaintiff.

23. Ms. Santanello failed to conduct a fair, impartial, and thorough investigation related to the conduct and alleged conduct of the Plaintiff.

24. Ms. Santanello's investigation into the conduct and alleged conduct of the Plaintiff resulted in the employment termination of the Plaintiff.

4

25. The Defendant had a duty to the Plaintiff to adequately supervise Ms. Santanello's investigation of the Plaintiff.

26. The Defendant was negligent in failing to adequately supervise Ms. Santanello in her performance of the investigation, and this negligence was the proximate cause of the Plaintiff's injuries.

27. Ms. Santanello unlawfully terminated the employment of the Plaintiff.

28. The Defendant had a duty to the Plaintiff to adequately supervise Ms. Santanello in order to prevent Ms. Santanello from unlawfully terminating the employment of the Plaintiff.

29. The Defendant breached its duty to the Plaintiff to adequately supervise Ms. Santanello in order to prevent Ms. Santanello from making an unlawful employment termination decision relating to the Plaintiff.

30. The Defendant was negligent in failing to adequately supervise Ms. Santanello when she made the employment termination decision regarding the Plaintiff, and this negligent was the proximate cause of Plaintiff's injuries.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter the following relief:

A. Order Defendant International Entertainment Consultants, Inc. to make Robert Vishino whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

B. Order Defendant International Entertainment Consultants, Inc. to make Robert Vishino whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in Paragraph 8, including, but not limited to, emotional pain,

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    C.    Order Defendant International Entertainment Consultants, Inc. to pay Robert Vishino punitive damages for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

    D.    Grant such further relief as the Court deems necessary and proper in the public interest.

    E.    Grant an award of Plaintiff's reasonable attorney's fees.

    F.    Award the Plaintiff his costs of this action.

    G.    Award the Plaintiff post-judgment interest.

    Respectfully submitted,

/s/ Bruce D. Bramoweth
Bruce D. Bramoweth, IL ARDC#: 6206625
Attorney for Plaintiff
4386 Lindell Boulevard
Saint Louis, MO 63108
(314) 732-7775-Phone
(314) 535-7780-Fax
bramowethlawoffice@gmail.com

Dated: October 5, 2020

STATE OF MISSOURI            )
                             ) SS
COUNTY OF SAINT LOUIS        )

## VERIFICATION

ROBERT VISHINO, being duly sworn, deposes and says: That he is the Plaintiff in the above-entitled action; that he has read the foregoing Petition and knows the contents thereof and that the same is true to his own knowledge, except as to those matters and things therein alleged upon information and belief, and that as to any such matters and things as are therein so alleged upon information and belief, he believes them to be true.

This is the 5th day of October 2020.

_____
ROBERT VISHINO

Sworn to and subscribed before me, this the 5th day of October, 2020

_____
Notary Public

My Commission Expires:

JAMES JOSHUA NESBITT
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17970982
My Commission Expires 11-12-2021

7

ILLINOIS DEPARTMENT OF **EXHIBIT 1**
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

July 9, 2020

Frank R. Ledbetter
141 N. Meramec Avenue, Suite 24
Saint Louis, MO  63105

Carrie L. Kinsella
Jackson Lewis P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105

Re: <u>Robert Vishino vs International Entertainment, Charge No. 2019SF0047</u>

## NOTICE OF SUBSTANTIAL EVIDENCE

You have received an Order from the Illinois Human Rights Commission ("Commission") vacating the dismissal of the Charge by the Illinois Department of Human Rights ("Department"), reinstating the Charge and remanding the Charge to the Department for this entry of a finding of Substantial Evidence.

## Complainant has the following options:

1) Within thirty (30) days of receipt of this Notice of Substantial Evidence, you may notify the Department in writing if you wish the Department to file a complaint with the Commission pertaining to the allegation(s). Your request should be sent to: Chief Legal Counsel, Illinois Department of Human Rights, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

The Illinois Human Rights Act ("Act") permits the Department to conduct conciliation to provide the parties with an opportunity to settle the case before a complaint is filed with the Commission. Conciliation is a process in which a Department Staff Attorney facilitates settlement discussions with both parties via telephone. Should you notify the Department as outlined above, that you wish the Department to file a complaint with the Commission, I have been designated by the Director to CONCILIATE this case. You also have the

opportunity to use the mediation process to resolve your case if both parties agree and time-constraints for filing a complaint according to the Act can be met. Mediation is a form of alternative dispute resolution. Parties to a Department charge meet voluntarily in an informal atmosphere with a certified mediator to discuss voluntary settlement options to close the Department charge. All mediation settlement conferences are held in the Department's Chicago office. Please contact me if you are interested in resolving your case through mediation.

All settlement efforts are confidential and must be concluded within ninety (90) days of receipt of this notice. If it is determined there is not a reasonable possibility of settlement, I will prepare a complaint against Respondent, file it with the Commission and serve a notice of such filing on all parties, pursuant to Section 7A-102(F) of the Act. It is then the responsibility of the parties to proceed forward with the case in the Commission.

**Or**

2) Complainant may within ninety (90) days of receipt of this Notice, file a complaint with the Commission. If Complainant files a complaint with the Commission, Complainant must also give notice of such filing to the Department.

**Or**

3) Complainant may commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county in which the civil rights violation was allegedly committed.

Deena Sanceda
Staff Attorney
312-814-1483

STATE OF ILLINOIS )
                  )ss
COUNTY OF COOK    )

CHARGE NO: 2019SF0047

## AFFIDAVIT OF SERVICE

MARIA ELENA BARRIOS, deposes and states that (s)he served a copy of the attached NOTICE OF SUBSTANTIAL EVIDENCE upon each person named below by depositing the same this 9th day of July, 2020, in a U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

Frank R. Ledbetter
141 N. Meramec Avenue, Suite 24
Saint Louis, MO  63105

Carrie L. Kinsella
Jackson Lewis P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that (s)he verily believes the same to be true.

_Maria Elena Barrios_
MARIA ELENA BARRIOS

SUBSCRIBED AND SWORN TO BEFORE ME

THIS  9th  DAY OF July, 2020

_Kelly Ortiz_
NOTARY PUBLIC

KELLY ORTIZ
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 15, 2021



I Want To...

 Departments  Circuit Clerk  Courts  Civil Records

Return to Previous Page

| Case Detail |
|---|
| **Case Number:** 20-L-0779        **Preciding Judge:** NOT ASSIGNED |
| **Case Filing Date:** 10/07/2020   **Case Type:** TORT MONEY DAMAG OVER 50,000 |
| **Appearance Type:** ** NONE **    **Case Status:** Open |

| Case Participants (Click on a row for details) ||||||
|---|---|---|---|---|
| Participant Name | Type | Role | Status | Status Date |
| BRAMOWETH BRUCE | ATY PLAINTIFF | Party | | UNKNOWN |
| INTERNATIONAL ENTERTAINMENT CONSULTANTS | DEFEND PRO SE | Party | | UNKNOWN |
| NOT ASSIGNED | Judge | Judicial | | UNKNOWN |
| VISHINO, ROBERT | PLAINTIFF | Party | | UNKNOWN |

| Register of Actions ||||
|---|---|---|---|
| Event Date | Event Description | Party Type | Party Name |
| 10/09/2020 | ASM:SCHEDULE 1 | ATY PLAINTIFF | BRAMOWETH BRUCE |
| 10/09/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 10/07/2020 | OPN:COMPLAINT FILED | ATY PLAINTIFF | BRAMOWETH BRUCE |

I Want To...



**County Office Address**
#10 Public Square
Belleville, IL 62220

**Contact Info**
(618) 277-6600
webmaster@co.st-clair.il.us

Copyright ©2020 St. Clair County, Illinois. All rights reserved.        Privacy Statement   Terms Of Use