IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT VISHINO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL ENTERTAINMENT ) <br> CONSULTANTS, INC. ) <br> ) <br> Defendant. ) | Case No. 20-cv-1171 RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Dismiss and Supporting Memorandum of Law (Docs. 13 and 14). Plaintiff did not file a Response, but filed his own Motion to Dismiss (Doc. 27). Defendant did not respond to Plaintiff's Motion. As explained further, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED AS MOOT.

Plaintiff filed this employment discrimination suit in the Circuit Court of St. Clair County, Illinois, alleging that Defendant discriminated against him because of his sexual orientation. Plaintiff's Complaint consists of a wrongful termination claim (Count 1) and a negligent supervision claim (Count 2). In the wrongful termination claim, Plaintiff alleges that Defendant violated his rights under the Illinois Human Rights Act ("IHRA"), Title VII of the Civil Rights Act of 1964, and 42 USC §1981. Defendant removed this matter to federal court, citing 28 U.S.C. §1331 as the basis for removal (Doc. 1). Section 1331 confers subject matter jurisdiction to federal courts in all civil cases "arising under the Constitution, laws, or treaties of the United States. Defendant

Defendant's Motion to Dismiss contends that Plaintiff's allegations regarding 42 USC §1981 in Count I should be dismissed because §1981 only applies to race discrimination claims. Defendant further contends that Count II should be dismissed in its entirety because it is preempted by the IHRA.  Plaintiff's Motion to Dismiss asks the Court to dismiss his §1981 allegations and Count II of his Complaint.

Neither party filed a Response to the other's Motion to Dismiss.  Under SDIL Local Rule 7.1(c), a party's failure to respond to a motion to dismiss may, in the Court's discretion, be considered an admission of the motion's merits.  It appears that both parties agree that Plaintiff's negligent supervision claim and §1981 allegations in Count I are improper.  Defendant correctly notes that §1981 applies to race discrimination claims.  *Gratz v. Bollinger*, 539 U.S. 244, 305 n. 23 (2003).  Defendant's argument that the IHRA preempts Plaintiff's negligent supervision claim is also well-supported.  *Grimes v. Cty. of Cook*, 455 F. Supp. 3d 630, 642 (N.D. Ill. Apr. 23, 2020) (*citing Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

Consequently, Defendant's motion (Doc. 23) is GRANTED.  Plaintiff's §1981 claim in Count I is DISMISSED WITHOUT PREJUDICE.  Count II is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to enter judgment accordingly at the close of the case.  On or before April 16, 2021, Plaintiff shall file an amended complaint in accordance with this Order.  Plaintiff's Motion (Doc. 27) is DENIED AS MOOT.

**IT IS SO ORDERED.**

**DATED:**   April 9, 2021

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**